1

2

3

4            UNITED STATES DISTRICT COURT

5           NORTHERN DISTRICT OF CALIFORNIA

6

7    GERARDO HERNANDEZ,                          Case No. 21-cv-05836-EMC

8                  Plaintiff,

9           v.                                   **ORDER DENYING DEFENDANTS'**
                                                 **MOTION FOR ATTORNEYS' FEES**
10   CALIBER BODYWORKS LLC, et al.,
                                                 Docket No. 45
11                 Defendants.

12

13

14           Plaintiff Gerardo Hernandez ("Plaintiff" or "Hernandez") filed this action against

15   Defendants Caliber Bodyworks LLC ("Caliber") and Kristina Murti, trustee of the Duane B.

16   Busch Charitable Remainder Unitrust ("Murti") (collectively, "Defendants"), alleging that

17   Defendants' facility, an automotive repair shop, did not have accessible parking or an accessible

18   loading area.  *See* Docket No. 19 ("FAC").  Hernandez alleged that Defendants violated Title III

19   of the Americans with Disabilities Act, California's Unruh Civil Rights Act, and the California

20   Health and Safety Code.  The Court previously converted Defendants' motion to dismiss

21   Hernandez's FAC into a motion for summary judgment, *see* Docket No. 30, and granted the

22   motion and entered judgment for Defendants.  *See* Docket Nos. 43, 44.

23           Now pending is Defendants' motion for attorneys' fees.  Docket No. 45.  For the following

24   reasons, the Court **DENIES** Defendants' motion.

25                              I.      __BACKGROUND__

26   A.     __Plaintiff's Initial Complaint and Defendants' Motion to Dismiss__

27           Plaintiff filed his initial Complaint on July 29, 2021.  Docket No. 1.  Plaintiff asserted

28   claims under Title III of the ADA, the UCRA, and the California Health and Safety Code based on

United States District Court
Northern District of California

1   the allegations that he visited the Facility, but "could not locate any designated accessible parking

2   in the Facility's parking lot, nor a safe accessible loading zone to transfer to his wheelchair, which

3   made him feel rushed when exiting his vehicle." *Id.* ¶ 10.  Plaintiff alleged that "[t]he Facility is

4   open to the public," *id.* ¶ 9, however he did not allege that Caliber's Facility was legally required

5   to provide parking or a loading zone that is open to the public, nor that Caliber's Facility provided

6   parking or a loading zone to the public.

7           Defendants' counsel Kathy Gao declares that on or about September 20, 2021, she "met

8   and conferred with Plaintiff's counsel. . . where [she] informed Plaintiff's counsel that the Caliber

9   facility at issue in this action does not offer any parking area that is open to the public or to its

10  customers."  Docket No. 45-2 ("Gao Decl.").  Attorney Gao was informed by Plaintiff's counsel

11  that Plaintiff would continue to pursue the action.  *Id.*

12          Thereafter, Defendants filed a motion to dismiss the initial complaint.  Docket No. 18.

13  Defendants argued that Plaintiff failed to state Title III, UCRA, or California Health and Safety

14  Code claims because he did not allege that the Facility was required to provide, or that the Facility

15  did provide, parking or a loading zone that was open to the public.  Docket No. 18-1 at 2-8.

16  Defendants argued that Title III, the UCRA, and the California Health and Safety Code do not

17  require public accommodations to provide a parking facility or a passenger loading zone open to

18  the public and that if there were no parking facility, there is no obligation to provide an accessible

19  parking space.  *See id.*

20          Plaintiff responded to Defendants' motion by filing a First Amended Complaint.  *See* FAC.

21  B.      The FAC and Defendants' Subsequent Motion to Dismiss

22          Plaintiff's FAC included new allegations that he "entered the Facility's driveway and

23  found a parking lot, with several parked vehicles near the Facility entrance" but he "could not

24  locate any designated accessible parking spaces in the Facility's parking lot, nor did he see an

25  accessible loading area in which to transfer to his wheelchair."  FAC ¶ 10.  He alleged that the

26  street in front of the Facility was full of parked cars and so he could not have unloaded from his

27  vehicle there. *Id.*  He alleged that the "Facility staff witnessed [him] unloading from his vehicle,

28  and did not stop or direct him to another location to park and unload." *Id.*  He claimed that "the

United States District Court
Northern District of California

1   Facility provides parking and/or a loading area to able-bodied customers, but does not offer an

2   accessible alternative for wheelchair users such as a designated accessible parking stall or

3   accessible loading zone, denying wheelchair users the ability to safely drop off their vehicles for

4   service or estimates." *Id.*

5        Defendants moved to dismiss the FAC, arguing that Google Maps' Street View

6   photographs of the Facility show that the Facility does not have a parking facility or a passenger

7   loading zone, but only a driveway for cars to be brought into or out of the service bays.  Docket

8   No. 24-1 at 6.  Defendants further explained, that the ADA and California Building Code ("CBC")

9   view driveways as distinct from parking facilities and passenger loading zones. *Id.* at 9-10, 12-13.

10  They argued that absent a parking facility, there was no obligation to provide an accessible

11  parking space.  *Id.* at 7-8.

12       In his Opposition, Plaintiff contended that whether the facility had parking or a passenger

13  loading zone was a question of fact, thus precluding a dismissal at this stage.  *See* Docket No. 25.

14  Moreover, Plaintiff asserted that that even if the Facility did not have customer parking and thus

15  did not have to provide accessible parking, Caliber was required to modify its policies and

16  practices to ensure that Plaintiff could access its goods or services based on Plaintiff's assertion

17  that Defendants reserved public street parking for its customers.  *Id.* at 5-6.  Defendants filed a

18  reply brief.  Docket No. 26.

19  C.   <u>Hearing, Supplemental Briefing and Discovery</u>

20       At the January 6, 2022 hearing on Defendants' motion to dismiss the FAC, Plaintiff argued

21  that because Defendants operate an automotive-related business, it is obligated to make

22  accommodations beyond the what the ADA and ADAAG require with regards to parking

23  availability.  *See* Docket No. 32.  Plaintiff did not cite any authority for this proposition nor had

24  Plaintiff previously raised this argument.  The Court allowed Plaintiff to submit a supplemental

25  brief with a list of authorities supporting this contention, and allowed Defendants to respond.  *Id.*

26  Plaintiff submitted a supplemental brief arguing that Defendants' facility was inaccessible due to

27  the manner by which Defendants made "use" of the physical space.  Docket No. 28 at 1-3.

28  Defendants responded to this argument.  Docket No. 29 at 1-4.

United States District Court
Northern District of California

1    After receiving the parties' supplemental briefs, the Court converted Defendants' motion to

2    dismiss the FAC into a motion for summary judgment.  Docket No. 30.  The Court allowed

3    "discovery solely on the question of whether the cars on the right side of the Defendants' driveway

4    is for customer parking."  *Id.*  Despite the fact that the Court had identified only one issue about

5    which Plaintiff was permitted to conduct discovery, Plaintiff attempted to expand Defendants'

6    discovery burden and sought to depose Caliber personnel about various topics including "(1)

7    whether the paved area at the front of the subject facility is used by customers for parking; (2)

8    Caliber Collision's procedures for customers dropping off and picking up vehicles; and (3) the

9    identity of employees and customers who were at the subject facility on the day of Plaintiff's April

10   27, 2021 visit."  ECF No. 39 at 1.  Plaintiff also served interrogatories and requests for production

11   that likewise sought information about these issues, which the Court had not authorized.  *Id.*  In

12   addition, Plaintiff met and conferred with Defendants regarding the schedule of a site inspection of

13   the Facility.  *Id.*

14   Defendants sought judicial intervention of Plaintiff's discovery requests.  Docket No. 39.

15   The Court rejected Plaintiff's attempt to expand discovery.  Docket No. 40.  The Court stated that

16   it was "unwilling to expand the scope of discovery as outlined in the Order or to entertain new

17   theories of liability (*e.g.*, Plaintiff's 'valet parking' theory)."  *Id.* at 1.  The Court emphasized, "In

18   the Order, the Court granted limited discovery only on the question of whether the cars on the

19   *right* side of Defendants' driveway is for customer parking.  Therefore, Plaintiff can only depose

20   Defendants' PMK [persons most knowledgeable] or seek written requests for production of

21   documents and interrogatories on this exact issue."  *Id.*  Finally, the Court denied "Plaintiff's

22   request for a joint site inspection" because it would not "yield more or different information from

23   Plaintiff's written discovery requests or depositions."  *Id.* at 2.

24   Discovery on the Court's narrow question proceeded, and the parties filed supplemental

25   briefs regarding the results from discovery.  Docket Nos. 41, 42.

26   D.    Summary Judgment for Defendants

27   Following completion of discovery and supplemental briefing, the Court granted

28   Defendants' Motion for Summary Judgment.  Docket No. 43 ("MSJ Order") at 19.  The Court

held Plaintiff's allegations that the Facility has parking or a passenger loading zone open to the public were unsupported.  The Court found there was "no genuine dispute that the Facility does not have parking spaces or a passenger loading zone." *Id.* at 6.  Despite Plaintiff's allegation from the FAC that "he 'found a parking lot, with several parked vehicles near the Facility entrance[,]'" the Google Street View "images do not show any parking lot at the Facility." *Id.*, at 8.

The Court concluded that declarations that Plaintiff submitted from his own private investigators did not "dispute the fact that the right side of the driveway is not for customer parking," as the private investigators' purported findings were "consistent with the Defendants' testimonies that there are no spaces used for customer parking on the driveway and that employees rearrange the cars on the driveway." *Id.* at 10-11.  The Court held: "there is no genuine dispute that the Facility does not have a parking lot or parking spaces. It only has a driveway." *Id.* at 11.  The Court also rejected Plaintiff's argument that the driveway was a passenger loading zone, and the Court held that "there is no genuine dispute that the Facility does not have a passenger loading zone." *Id.* at 11-12.

The Court also held that "the ADAAG Standards make clear that driveways are distinguished from parking lots," and that "[t]he Facility is not subject to the ADAAG Standards because it does not provide parking and there are no design guidelines for driveways." *Id.* at 11.  The Court determined that "the Facility is not legally required to have parking spaces or passenger loading zones, and therefore the Facility is not subject to the ADAAG Standards." *Id.* at 12.  Furthermore, the Court rejected Plaintiff's arguments that Defendants are liable for failing to modify policies and practices and that this case was about the "use" of the driveway's design rather than about the design itself. *Id.* at 14-18.  Finally, the Court determined that Plaintiff's UCRA and California Health and Safety Code claims failed for the same reason that his ADA claim failed. *Id.* at 18-19.

On April 4, 2022, the Court entered judgment in Defendants' favor.  Docket No. 44 at 1.

## II.     LEGAL STANDARDS

A.     Attorneys' Fees under Title III of the ADA

"[I]n order to encourage private enforcement of the law[,] Congress has legislated that in

United States District Court
Northern District of California

certain cases prevailing parties may recover their attorneys' fees from the opposing side."
*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir.2008).  Under Title III of the ADA,
"the court or agency, in its discretion, may allow the prevailing party. . . a reasonable attorney's
fee, including litigation expenses, and costs. . . ."  42 U.S.C. § 12205.  "While either Plaintiffs or
Defendants may qualify as prevailing parties, fee awards to Defendants should be reserved for
exceptional circumstances, lest they have a chilling effect on the filing of ADA lawsuits by
Plaintiffs."  *Peters v. Winco Foods, Inc.*, 320 F.Supp.2d 1035, 1037 (E.D. Cal. 2004), aff'd, 151
Fed.Appx. 549 (9th Cir. 2005).  As the Ninth Circuit held in *Kohler v. Bed Bath & Beyond of
California, LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015), "while prevailing Plaintiffs regularly
recover their fees, policy considerations which support the award of fees to a prevailing Plaintiff
are not present in the case of a prevailing Defendant."  Exceptional circumstances warranting
recovery by defendant of fees include complaints that are "frivolous, unreasonable," vexatious, or
made in bad faith.  *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1020 (9th Cir. 2015).
"Generally, a case may be deemed frivolous only when the result is obvious or the arguments of
error are wholly without merit."  *Garcia v. CWI Santa Barbara Hotel, LP,* No. 21-2477, 2022 WL
952564, at *2 (C.D. Cal. Mar. 30, 2022) (quotation marks and ellipses omitted).  "The purpose of
awarding fees to a prevailing defendant is to deter the bringing of lawsuits without foundation."
*Id.* at *1.

B.   Attorneys' Fees under 19 U.S.C. § 1927

In addition, "28 U.S.C. § 1927 ('section 1927') addresses counsel's liability for excessive
costs."  *Doyle v. Ill. Cent. R. Co.*, No. 08-0971, 2009 WL 224897, at *5 (E.D. Cal. Jan. 29, 2009).
It states, "Any attorney or other person admitted to conduct cases in any court of the United States
or any Territory thereof who so multiplies the proceedings in any case unreasonably and
vexatiously may be required by the court to satisfy personally the excess costs, expenses, and
attorneys' fees reasonably incurred because of such conduct."  28 U.S.C. § 1927.  The court has
discretion to award attorneys' fees and costs pursuant to Section 1927.  *See Doyle*, 2009 WL
224897, at *5.  "A section 1927 sanction requires evidence of bad faith, improper motive, or
reckless disregard of the duty owed to the court."  *Id.* (quotation marks omitted).  "Section 1927

1   sanctions must be based on a finding that the sanctioned attorney acted in subjective bad faith."

2   *Id.*  "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or

3   argues a meritorious claim for the purpose of harassing an opponent."  *Id.* (quotation marks

4   omitted).

5                                **III.    DISCUSSION**

6   A.    Local Rule 54-5

7          As an initial matter, Plaintiff's counsel argues that Defendants' motion for attorneys' fees

8   should be denied because Defendants failed to comply to Local Rule 54-5(a), which requires

9   counsel to meet and confer for the purposes of resolving all disputed issues before filing a motion

10  for attorneys' fees.  Moreover, L. R. 54-5(b)(1) requires the party seeking attorneys' fees to file a

11  declaration with "[a] statement with respect to the motion or a statement that no conference was

12  held, with certification that the applying attorney made a good faith effort to arrange such a

13  conference, setting forth the reasons the conference was not held."  Defendants did not submit

14  such a declaration.

15         Defendants concede that they erred in failing to meet these requirements before filing the

16  present motion, and apologizes for this error.  Docket No. 51 ("Reply").  Defendants' counsel

17  explains that she "did not mean to not comply with the spirit of Local Rule 54-5," and that her

18  mistake was due, in part, to being out of the country prior to filing the motion.  *Id.* at 11.

19  Defendants' counsel also took steps to cure her oversight "by meeting and conferring with

20  Plaintiff's counsel twice after the motion as filed," including both before and after Plaintiff filed

21  an opposition to this fee motion.  *See* Docket No. 51-1 ("Gao Suppl. Decl.") ¶¶ 2-4.  In any event,

22  Defendants' counsel explains that meeting and conferring would have been futile, as revealed by

23  the fact that Plaintiff's counsel summarily rejected Defendants' entitlement to attorneys' fees.  *Id.*

24         Thus, the Court declines to deny Defendants' motion on procedural grounds in light of

25  Defendants' counsel's remedial steps of meeting and conferring with Plaintiff's counsel after

26  filing the motion.  These actions are sufficient to cure Defendants' error in the first instance.  *See*

27  *Hajro v. Barrett*, No. 10-1772, 2012 WL 4113203, at *2 (N.D. Cal. Sept. 18, 2012) ("find[ing]

28  that [movant's] counsel's oversight in failing to meet and confer with the [nonmovant] before

United States District Court
Northern District of California

1   filing [motion for attorneys' fees] was an innocent mistake that was remedied by his subsequent

2   efforts to meet and confer with opposing counsel"); *Fortson v. Marriott Int'l, Inc.*, No. 11-01454,

3   2013 WL 1832411, at *3 (N.D. Cal. May 1, 2013) (declining to deny motion for attorneys' fees

4   "on a procedural defect," where "[t]he parties did not meet before" the movant filed her motion for

5   attorneys' fees, but "met and conferred after [the movant] filed her motion for attorney's fees and

6   costs and before [the nonmovant] filed its opposition").

7   B.   Fees Under the ADA:  Frivolous, Unreasonable, Vexatious or in Bad Faith

8        It is undisputed that Defendants are the prevailing party, as is required to receive fees

9   under the ADA.  The Court thus must determine whether the Plaintiffs' actions were frivolous,

10  unreasonable, vexatious, or in bad faith such that they justify an award of attorney fees.  *Bed Bath*

11  *& Beyond of Cal., LLC*, 780 F.3d at 1266; *see also Amphastar Pharms. Inc. v. Aventis Pharma SA*,

12  No. EDCV-09-0023 MJG, 2017 WL 10543563, at *8 (C.D. Cal. Nov. 20, 2017) (finding the

13  plaintiff's claim frivolous because the plaintiff "had no reasonable foundation on which to bring

14  the suit").  "A[n] [ADA] plaintiff should not be assessed his opponent's attorney's fees unless a

15  court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued

16  to litigate after it clearly became so."  *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422

17  (1978). Courts have held that it is frivolous and unreasonable for a plaintiff to continue litigating a

18  claim when the plaintiff knows that his complaint is factually insufficient.  *See e.g.*, *Peters v.*

19  *Winco Foods, Inc.*, 320 F.Supp.2d 1035, 1037 (E.D. Cal. 2004).  The standard for finding an

20  action frivolous or unreasonable is high.  *See Summers v. Teichert & Son, Inc.*, 127 F.3d 1150,

21  1154 (9th Cir. 1997) ("Fees are not awarded as a matter of course to prevailing defendants, and

22  should only be awarded under exceptional circumstances.").  For example, "[d]istrict courts in the

23  Ninth Circuit have based decisions to award attorney fees [to defendants] on a variety of factors,

24  including (1) a predominance of meritless claims, (2) circumstances suggesting the action was

25  initiated for the purpose of extracting a quick settlement, (3) prolific litigiousness, [and] (4)

26  boilerplate pleadings."  *Chapman v. Pismo Food Store*, 2016 WL 11520381, at *4 (C.D. Cal. Sept.

27  1, 2016).

28        Defendants argue they are entitled to attorneys' fees because "it was always evident that

8

United States District Court
Northern District of California

1   the Facility had a driveway rather than customer parking or a loading zone."  Mot. at 7; Reply at 7

2   ("had Plaintiff attempted even a modicum of due diligence prior to initiating this action he and his

3   counsel would and should have known that there is no customer parking at the Facility; and that

4   they should have known this at every step of the litigation").  Plaintiff opposes Defendants'

5   motion on the basis that "there is no showing. . . that Plaintiff 'should have been aware' his claims

6   would be dismissed."  Docket No. 48 ("Opp.") at 5.  Plaintiff argues that he "brought his claims

7   based on the information available to him and his belief based on his personal experiences at the

8   Caliber Collision store, that there was an area meant for parking on the property."  *Id.*  "A

9   reasonable person might interpret the situation the same way, as evidenced by the fact that several

10  other customers were witnessed parking there during Plaintiff's investigation. . . Plaintiff was not

11  required to take Caliber's word for it that the facility do not allow parking or loading when he had

12  personal experience contradicting this assertion."  *Id.*

13        Plaintiff's argument is persuasive.  Ultimately, the determination on the merits of

14  Defendants' motion to dismiss came down to a factual question: did Caliber provide customer

15  parking?  The Court has no reason to disbelieve that Plaintiff alleged, in good faith, that the

16  Facility provided parking and a passenger loading zone to customers based on his personal

17  experience, as alleged in the FAC.  FAC ¶ 10.  Indeed, Defendants do no dispute that Plaintiff

18  observed "several parked vehicles near the Facility entrance."  FAC ¶ 10.  Even the Google

19  Streetview photos on which Defendants rely depict a number of cars parked in front of the facility.

20  *See* Summary Judgment Order at 7-8.  That Plaintiff interpreted these parked cars to be in a

21  Facility-provided parking area was not unreasonable.

22        The Court agreed with Plaintiff that this factual question could not be resolved on a motion

23  to dismiss, which is why the Court converted Defendants' motion into a motion for summary

24  judgment and allowed limited discovery in order to address this question of fact.  In the final

25  analysis, based on the photographs, deposition testimony and declarations entered into evidence,

26  the Court concluded that Defendants did *not* provide parking or a passenger loading zone, and,

27  thus, granted summary judgment to Defendants.  But, as Plaintiff points out, "given that the Court

28  ordered multiple supplemental briefings and discovery prior to making its decision, the ultimate

1    outcome was clearly not as obvious as Caliber portrays it."  Opp. at 5.

2        Thus, the Court cannot conclude that the "result [was] obvious" or that Plaintiff's

3    "arguments of error are wholly without merit."  *Garcia*, 2022 WL 952564 at *2.  The merits of

4    Plaintiff's claims turned on a factual question which the Court determined could not be decided at

5    the pleadings stage, and required discovery to determine whether a genuine issue of fact existed.

6    There is no basis for the Court to conclude that the complaint was frivolous or unreasonable at the

7    outset, when it was filed.

8        Defendants argue that even if it was not unreasonable to file the action, Plaintiff should

9    have stopped prosecuting this action when it became evident form Plaintiff's own investigations

10   that Defendants did not offer parking spaces.  Mot. at 7.  Although this presents a closer question

11   on that issue, Plaintiff also advanced an alternative argument in support of his ADA claim that

12   even if Defendants did not provide parking, the manner in which Defendants made *use* of their

13   facility—by using a paved portion of the driveway as a loading zone accessible *only* to able-

14   bodied customers—constituted discrimination against Plaintiff under the ADA.  *See* Summary

15   Judgment Order at 14-17.  The Court ultimately rejected Plaintiff's argument, but the Court cannot

16   conclude that the argument was "wholly without merit."  Indeed, there was no Ninth Circuit

17   authority directly on-point addressing Plaintiff's argument, so the Court had to look to persuasive

18   authorities, including district court and out of circuit decisions, to analyze the issue.  *See id.* at 16

19   (citing *Cross Disability Coalition. v. Abercrombie & Fitch Co.*, 765 F.3d 1205 (10th Cir. 2014);

20   *Whitaker v. Franklin Plaza LLC*, 2021 WL 4353240, at *1–2, *4–5 (C.D. Cal. Aug. 6, 2021)).

21       Finally, the case was closed immediately upon the Court's resolution of the factual issue of

22   whether Defendants provided parking, so there was no real opportunity for Plaintiff to

23   unreasonably continue to litigate a claim after it became clear that the claim lacked merit.  *See*

24   *Christiansburg Garment Co.*, 434 U.S. at 422.  Moreover, Defendants made no showing that of

25   "circumstances suggesting the action was initiated for the purpose of extracting a quick

26   settlement" or "boilerplate pleadings."  *Pismo Food Store*, 2016 WL 11520381, at *4.  And

27   Defendants do not make any specific arguments as to why Plaintiff's actions were vexatious or in

28   bad faith.

United States District Court
Northern District of California

1    Thus, Defendants have not carried their burden to warrant an award of attorneys' fees

2    under the ADA. *Bed Bath & Beyond of Cal., LLC*, 780 F.3d at 1266-67; *see also Hughes v. Rowe*,

3    449 U.S. 5, 14 (1980) (noting that "[t]he fact that a plaintiff may ultimately lose his case is not in

4    itself a sufficient justification for the assessment of fees").

5    C.    Section 1927 Sanctions

6    Defendants also argue that the Court should impose sanctions on Plaintiff's counsel

7    pursuant to 28 U.S.C. § 1927. Beyond citing the legal standard under § 1927, Defendants did not

8    expressly state what conduct would warrant the imposition of sanctions against Plaintiff's counsel

9    in their opening brief. *Cf.* Mot. at 11. In their reply brief, Defendants clarify that they base their

10   argument on (1) "at the beginning of the case, undersigned counsel conferred with Plaintiff's

11   counsel and informed her that the Facility did not offer any parking area that is open to the public,

12   but Plaintiff's counsel responded that she still would pursue the action;" (2) "in court filings and

13   oral argument, Plaintiff's counsel continued to change the theory of the case, without every

14   providing legal authority in support of any of the theories; and (3) Plaintiff's counsel attempted to

15   expand the scope of discovery despite a clear Court order defining its scope." Reply at 9-10.

16   But these arguments are not enough to satisfy the high burden Defendants must be meet to

17   warrant sanctions under Section 1927. "A section 1927 sanction requires evidence of bad faith,

18   improper motive, or reckless disregard of the duty owed to the court." *Doyle*, 2009 WL 224897,

19   at *5 (quotation marks omitted). Defendants have attempted to describe, let alone shown,

20   evidence of bad faith or Plaintiff's counsel's violation of a duty owed to the Court. To the

21   contrary, the Court expressly ordered supplemental briefing and discovery on its own accord, to

22   which Plaintiff responded. That the Court disagreed with Plaintiff's positions on the merits does

23   not demonstrate that Plaintiff acted in bad faith, improper motive or reckless disregard owed to the

24   Court. Moreover, "[b]ad faith is present when an attorney knowingly or recklessly raises a

25   frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent," *id.*

26   (quotation marks omitted), but Defendants have not put forward any argument or evidence in

27   support of the notion that Plaintiff's intended to harass Defendants, and, as already discussed,

28   Plaintiff's argument was not frivolous.

United States District Court
Northern District of California

11

Thus, because "[s]ection 1927 sanctions must be based on a finding that the sanctioned attorney acted in subjective bad faith," *id.*, and the record does not support such a finding here, Defendants request for sanctions is denied.

### IV.    CONCLUSION

For the foregoing reasons, the court **DENIES** Defendants' motion for attorneys' fees. This order disposes of Docket No. 45.

**IT IS SO ORDERED**.

Dated: June 14, 2022

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

12